#### 6101.  HOWARD v. MACON RAILWAY AND LIGHT COMPANY.

RUSSELL, C. J.   1.   A phrase of a sentence used by the court in charging the jury must be considered in connection with the remaining parts of the sentence and with the charge as a whole.  Those words of a sentence in the charge to which exception is taken in the present case, when considered in connection with its context, could not possibly have been misunderstood by a jury of average intelligence as limiting the right of the plaintiff to a recovery upon the presumption of negligence "alone."

. 2.  The request to charge set out in the second ground of the amendment to the motion for a new trial was sufficiently covered by the instructions given.

3.  The request to charge set out in the third ground of the amendment to the motion for a new trial was not authorized by the pleadings, the evidence, or the law of the case, and was properly refused.

4.  The plaintiff had a fair trial of her case.  The charge of the court fully covered every material issue in the case.  Under the rulings in *Southwestern Railroad* v. *Hankerson,* 61 *Ga.* 115, and *Willis* v. *Central of Georgia Railway Co.,* 11 *Ga. App.* 717, 718 (75 S. E. 1132), the instructions upon the subject of the drunkenness of the plaintiff's husband were correct.

5.  There was no error in overruling the motion for a new trial.

*Judgment affirmed.*

DECIDED SEPTEMBER 10, 1915.

Action for damages; from city court of Macon—Judge Hodges. June 18, 1914.

*R. W. Barnes,* for plaintiff.

. *Ellis & Glawson,* for defendant.