### 8114. LOUISVILLE & NASHVILLE RAILROAD COMPANY *v.* WATTS.

1. There was sufficient certainty in the allegations of the plaintiff's petition as to the time of the destruction of his property by fire originating in sparks from the defendant's locomotives, and as to the engines by which the fire was set out.

· 2. The charge of the court contained a statement of the plaintiff's conten-
tions, but no statement of the defendant's contentions, and no reference
to the contention (relied on as one of the main defenses) that the de-
fendant's engines did not set out the fire, beyond a mere general refer-
ence to the pleadings as containing the contentions of the parties.
This omission, in view of the charge given, was error requiring a new
trial.

DECIDED JULY 26, 1917.

Action for damages; from Gordon superior court—Judge Fite.
September 5, 1916.

*Tye, Peeples & Tye, D. W. Blair, O. N. Starr, J. G. B. Erwin
Jr.*, for plaintiff in error.

*N. A. Morris, J. G. Roberts, G. D. Anderson, J. M. Lang*, contra.

GEORGE, J. 1. Plaintiff was the owner of four bales of cotton,
stored in a warehouse near the right of way of the railroad company.
The warehouse was burned and the cotton destroyed. The
7th paragraph of the petition alleged that the warehouse, together
with plaintiff's cotton, was totally destroyed by fire on the 10th
day of November, 1915, "between four and ten o'clock p. m."
The 8th paragraph alleged that the fire originated from, and was
caused by, live sparks, cinders, and coals, emitted from the loco-
motive engines of the defendant company, and the four succeeding
paragraphs each described a particular engine, and alleged that the
fire was communicated to the warehouse by each of the engines de-
scribed. By special demurrer the defendant attacked the 7th
paragraph of the petition because it failed to charge specifically
the time when the alleged burning occurred, the 8th paragraph of
the petition because it failed to allege what particular engines of
the defendant caused the fire, and merely asserted a conclusion,
the 9th, 10th, 11th, and 12th paragraphs of the petition because
the engines referred to in each of said paragraphs of the petition
were not distinctly and definitely identified and described. There
were other grounds of special demurrer. The defendant did not
demur to the petition upon the ground that it was contradictory,
in that it alleged in one count the destruction of plaintiff's cotton
by sparks emitted from four separate engines of the defendant at
one and the same time. Reasonable certainty is all that can be re-
quired, even by special demurrer. The plaintiff is not required to
set out his whole cause of action in a single paragraph of his peti-
tion, and a general statement in a particular paragraph is not ob-

jectionable, if particularized in subsequent paragraphs of the petition. Each of the engines referred to in paragraphs 9, 10, 11, and 12 of the petition was described with sufficient certainty to withstand a special demurrer. None of the remaining grounds of the demurrer were meritorious.

2. One of the main contentions of the defendant company was that its engines did not set out the fire. The court, in charging the jury, stated the contentions of the plaintiff, but nowhere in the charge called attention to this defense, insisted upon by the defendant, beyond a mere general reference to the plea and answer filed by it. The failure to submit this substantial defense, upon which the burden of the case rested, will require a reversal, especially since the charge of the court, considered as a whole, authorized a verdict for the plaintiff upon prima facie proof of the burning by the defendant unless the defendant showed that it exercised all ordinary and reasonable care and diligence in the equipment and management of its engines.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*