33791, 33795. WOMACK *v.* CENTRAL GEORGIA GAS COMPANY; and *vice versa.*

Decided March 14, 1952—Rehearing denied April 1, 1952.

**800**

*W. G. Neville, Fred T. Lanier, Fred B. Davis,* for plaintiff.

*Anderson, Connerat, Dunn & Hunter, B. B. Cubbedge, B. H. Ramsey, Cohen Anderson,* for defendant.

CARLISLE, J. (After stating the foregoing facts.) ■ Special ground 1 of the amended motion for a new trial contends that the court erred in charging the jury as follows: "He states that on the morning that this explosion occurred that he was about his usual and ordinary business in Bowen's Furniture Store; that he undertook to light a heater, struck a match, that he didn't turn on the valve to turn on the gas, and all of a sudden there was an explosion that demolished the building and destroyed that property and adjacent property; he says all of this is due to the fault of the defendant in this case, because of faulty installation of gas appliances in the Bowen Furniture Store where he was employed." This is contended to be error because it might have misled the jury into believing that the plaintiff's case was based entirely on alleged negligence in the installation of the heater, whereas this was only one of the six alleged grounds of negligence. In other parts of his charge, the judge also mentioned the allegations of negligence as to defects in the pipes or heater subsequent to installation, pointed out that he was not undertaking to state the contentions in detail, mentioned that the plaintiff could recover on "one or more of the grounds of negligence which he sets forth in his petition," and pointed out that the jury would have the pleadings with them for reference. It does not, therefore, appear that, considering the charge as a whole, the jury could have been misled. This ground is without merit.

■ By special ground 2 it is contended that the trial court erred in charging the jury as follows: "I charge you that the burden

rests upon the plaintiff in this case to satisfy the jury of the truth of this case by a preponderance of the evidence, and by a preponderance of the evidence is meant that superior weight of the evidence upon the issues involved, which, while not enough to wholly free the mind from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than the other." It is contended that the words, "satisfy the jury of the truth of this case," placed upon the plaintiff a greater burden than that placed upon him by law. Code § 38-101 provides that the object of all legal investigation is the discovery of the truth; and the court's charge could have had no other logical meaning than that the plaintiff must carry this burden by a preponderance of the evidence, and was not an intimation that the jury might disregard the uncontradicted testimony of unimpeached witnesses, as contended by the plaintiff in error. This ground is without merit.

■ Special ground 3 contends that the court erred in the following charge: "Gentlemen, no person can recover damages unless the party against whom the damages is claimed is guilty of negligence, even in cases where the jury may believe that the defendant might be guilty of negligence, the person claiming the damages cannot recover, that is, the plaintiff in this case, if the person injured, who is the plaintiff in this case, could have, by the exercise of ordinary care, avoided the consequences of the defendant's negligence. Therefore, if you believe from the evidence in this case that the plaintiff, Mr. Womack, could, by the exercise of ordinary care and diligence, have avoided the consequences to himself which resulted from the negligence of the defendant, if you believe the defendant was negligent, then the plaintiff could not recover." This is contended to have been confusing, in that it presupposed that there was evidence from which the jury could have found the plaintiff contributorily negligent, and as placing a burden on the plaintiff to negate contributory negligence in himself. The allegations of the petition and the evidence at the trial showed that the plaintiff was aware that agents of the defendant company had been called to look for a gas leak because of the smell of gas which accumulated in the building, and that, although they had spent the previous day on the premises, they had been unsuccessful in

detecting the leak; the plaintiff himself testified that, when he entered the building on the morning in question, he smelled gas "about as usual," whereas an expert witness for the defendant testified as to the volume of gas which would have been necessary to cause an explosion of the proportions of this one, that it could only have resulted from a leak of major proportions, and that such a leak would have caused an extremely strong odor to be built up in the confined space. There was, in consequence, ample evidence to have justified a charge on contributory negligence on the part of the plaintiff, and such charge was not error. This ground is without merit.

■ In special ground 4 it is contended that the trial court erred in charging the jury as follows: "I charge you that a company which furnishes gas is bound to use skill and diligence in its operations as is proportionate to the delicacy, difficulty and nature of the particular business. Such a company, before turning on or permitting to be turned on, gas for the benefit of a tenant in a building who has applied for it, must use reasonable precautions to ascertain that the pipes in the building are in such condition that the gas will not flow from the pipes and valves out into the building to the hurt and injury of those occupying the building, by gas escaping into the building. In the operation of its gas business the defendant, in serving its customers, is duly bound to exercise ordinary care to prevent the gas from escaping from its pipes and valves into the building where it, serving its customers and those employed therein, that it might not injure them, and in the exercise of such care, the degree of caution required of the gas company would be commensurate with the danger." This is contended to be confusing to the jury in that, after charging that there was a duty to exercise care on the part of the defendant commensurate with the danger involved, the court then charged simply that the defendant was under a duty to exercise ordinary care after knowing of the existence of the danger. In *Mayor &c. of Unadilla* v. *Felder*, 145 *Ga.* 440 (89 S. E. 423), it was held: "In operating its gas plant, from which there was emitted a dangerous agency of the character above described, it was the duty of the city to exercise ordinary care to prevent it from injuring persons, and in the exercise of such care the degree of precaution required of the city would be commensurate with the danger."

Ordinary care as to a thing which is subtle, violent, and dangerous, such as gas or electricity, may require a greater degree of caution than does an agency which lacks these dangerous propensities. As stated in *Flint Explosive Co.* v. *Edwards,* 84 *Ga. App.* 376, 393 (66 S. E. 2d, 368): "What constitutes due care on the part of a manufacturer or dealer varies with the danger inherent in the article sold, and a greater measure of care is necessary in dealing with explosives than in dealing with the products not ordinarily capable of inflicting injury." A gas company is not an insurer of the safety of its customers and their agents and invitees, but is liable only for acts of negligence. See 28 C.J., Gas, p. 590; Code (Ann. Supp.), § 73-306; *Chisholm* v. *Atlanta Gas Light Co.,* 57 *Ga.* 28. The court correctly charged that the duty upon the defendant was that of ordinary care, but that, as to what characterized this degree of care, greater caution might be necessary in regard to an inherently dangerous substance than to one not inherently dangerous in character. This ground is without merit.

■ Special grounds 5 and 9 contend that the court erred in charging that questions of negligence are peculiarly within the province of the jury, and that "negligence is the omission to do something which a reasonable man guided by those considerations which ordinarily regulate the conduct of human affairs would do." This charge has been previously approved by the courts. See *Southern Ry. Co.* v. *Chatman,* 124 *Ga.* 1026 (53 S. E. 692, 6 L. R. A. (N.S.) 283); *Newill* v. *Atlanta Gas Light Co.,* 48 *Ga. App.* 226 (172 S. E. 232). It is here contended to be error, however, as instructing the jury in effect that the defendant could be negligent only by acts of omission, and not by acts of commission. Code § 105-201 defines negligence as follows: "In general, ordinary diligence is that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances. Applied to preservation of property, ordinary diligence means that care which every prudent man takes of his own property of a similar nature. The absence of such diligence is termed ordinary negligence." Thus it may be argued that negligence consists either of the omission to do an act which ought to be done, or the omission to perform properly what one undertakes to do; and, so considered, the charge is applicable here.

The plaintiff charged negligence as follows: (1) in representing that it was safe to operate the heaters; (2) in installing defective heaters; (3) in permitting the escape of gas; (4) in failing to warn the plaintiff and others that use of these appliances was dangerous; (5) in failing to take precautions to prevent the escape of gas; and (6) in supplying gas to the premises in such way as to constitute a dangerous and explosive condition. Each of these charges involves the omission of an act which a reasonable man might be expected to do—that is, failing to warn that the heaters were unsafe, failing to properly install the heaters; failing to prevent the escape of gas, failing to warn the plaintiff of the danger, and failing to take necessary precautions. The court further charged that the defendant would be liable if the plaintiff proved one or more of his allegations of negligence. In considering whether a portion of the charge excepted to constitutes error, it must be taken in the light of the whole charge. *Howard* v. *Macon Ry. & Light Co.*, 17 *Ga. App.* 55 (1) (86 S. E. 256). The charge here, while not approved as a perfect charge, does not constitute such error as to require a reversal of this case.

■ Special grounds 6, 7, and 10 contend that the trial court erred in charging the jury substantially: that it was alleged that the gas appliances were installed by the defendant; that, if the defendant knew them to be defective, or it afterward came to its knowledge that they were defective and it did not remove them it would be liable, but that, if the defect in the heaters or piping developed subsequently, these appliances being within the exclusive control of Bowen Furniture Company (if the jury so found), and the defendant did not know of such subsequent defect and, if the exercise of ordinary care on its part would not require that the defect be discovered by it, then it would not be liable. To place a greater degree of care on the defendant in regard to the discovery of subsequent defects, would be to make the defendant an insurer of the plaintiff's safety, which it was not, as pointed out in division 4 hereof. Nor are these portions of the charge restrictive as to the defendant's liability, as is that portion of the charge excepted to in division 7 of this opinion, infra. The defendant would not be liable for subsequent defects on premises in the exclusive control of another if no reason existed why, in the exercise of ordinary care, a duty

had devolved upon it to discover such defects. These grounds are without merit.

■ Special ground 8 contends that the trial court erred in charging as follows: "I charge you further that, if you should believe, from the evidence, that the explosion was caused by gas furnished by the defendant, but you should also believe that the defendant, that is, the Central Gas Company, had exercised that degree of care required of the gas company to locate any defect or trouble in the Bowen Furniture Company, if you should believe that such a defect existed, then, in that event, I charge you that defendant would have done all the law requires it to do under the circumstances, and the plaintiff would not be entitled to recover."

This portion of the charge in effect restricts the liability of the defendant gas company to the sole issue of whether it exercised a proper degree of care to locate the defect. Under the evidence, the Bowen Furniture Company had purchased from the defendant two heaters, which had been installed by the latter; this purchase had been followed by a stream of complaints; the defendant had made five or six calls to the store, and had replaced a valve on one of the heaters; it had received numerous notices that the store was pervaded with the odor of gas; and, on the morning immediately before the explosion, the general manager of the gas company and others, at their insistence, had been present when the store was first opened. They testified: that they did not smell gas but smelled "an odor characteristic of gas appliances"; they spent the entire day on the premises testing for leaks, and did not locate any; that, in spite of the continued complaints of the odor of gas, and in spite of their own admissions as to smelling an odor (which, however, they contended was not raw gas but did smell similar to it), they reported that no leak existed, simply because they were unable to find it; and that they then assured the plaintiff and others that the premises were safe when they left at closing time that afternoon. There was a dispute as to whether anyone entered the building during the evening, and the jury might have found either way. The plaintiff was the first to enter the next morning, and, upon striking a match, precipitated the explosion. Under these facts, it was a jury question as to whether the defendant exercised

ordinary care, not only to detect the leaks alone, but to continue to operate its business by supplying gas to the Bowen Furniture Company in the face of the notices it had received as to the existence of leaks which it had not located, as charged in the plaintiff's sixth allegation of negligence. It was also a jury question as to whether the defendant exercised ordinary care in representing to the plaintiff and others that it was safe to operate the heaters, as alleged in the first allegation of negligence. It was accordingly a jury question as to whether the defendant exercised due care in other respects than in detecting leaks, this being a question on which reasonable minds might disagree. See *Glover* v. *City Council of Augusta,* 83 *Ga. App.* 314, 317 (63 S. E. 2d, 422). It is error to confine the charge to a single allegation of negligence, where other grounds of negligence are involved, as this unduly limits and confines the negligence of the defendant for which a recovery may be had. *Denson* v. *Ga. Ry. & Electric Co.,* 135 *Ga.* 132 (3) (68 S. E. 1113). The error complained of in this ground requires a reversal of this case.

Special grounds 11 and 12 deal with newly discovered evidence, and are unlikely to recur on another trial; and, since the case is to be tried again, the general grounds are not passed upon, as it is unknown what the evidence may be on another trial.

The cross-bill of exceptions, which complains of the overruling of demurrers to the petition, must be considered, since the case is being reversed on the main bill of exceptions.

■ ■ Exceptions pendente lite were preserved to the judgment overruling certain special demurrers to the original petition, especially as to the allegations of negligence, on the grounds that the plaintiff does not specify with sufficient certainty how the heating equipment and pipes were defective, how the gas escaped, which heater it escaped from, and in what way the action of the defendant in supplying gas to the premises resulted in the explosion. We think that these grounds of demurrer were properly overruled, as it appears from the petition that the facts were alleged with reasonable definiteness, and that it was impossible for the plaintiff or any other person to know with precise accuracy at what exact spot in the installation the leak occurred. The plaintiff was not an expert in these matters, and he alleged that the defendant's agents, who were experts, had spent the

previous day on the premises searching for the leak and had been unable to find it. He further alleged that there was an escape of gas from the defendant's installations. Reasonable definiteness and certainty are all that is required, and factitious demands by special demurrer should not be encouraged. *Louisville & N. R. Co.* v. *Watts*, 20 *Ga. App.* 637, 638 (93 S. E. 255). The trial court did not err in overruling these special demurrers. Other grounds of special demurrer to the original petition were sustained and met by amendment, and other grounds overruled are not argued by the plaintiff in error here and are treated as abandoned.

■ The three amendments filed by the plaintiff were not directed to the allegations of negligence except as to an allegation regarding the time of installation of the heaters. The renewed demurrers to the amended petition contend for the first time that the petition is duplicitous, in that it seeks to recover on equivocal or contradictory theories as to whether the negligence of the defendant proximately causing the injuries was in a faulty installation of the heaters, a defect in the pipes in the building, or generally because of negligence of the defendant in operating its business of furnishing gas to the Bowen Furniture Company. Objections on the ground of duplicity must be filed at the first term. *Johns* v. *Nix*, 196 *Ga.* 417 (26 S. E. 2d, 526). These were not filed at the first term, and were not filed after any such material amendment on the part of the plaintiff as would reopen the petition as a whole to renewed demurrer. Where the petition as originally filed is subject to demurrer, a later amendment amplifying the allegations of the petition in other respects does not authorize the filing of such a special demurrer to the original petition at a subsequent term. See *Wardlaw* v. *Southern Ry. Co.*, 199 *Ga.* 97 (33 S. E. 2d, 304). These grounds of demurrer were properly overruled.

■ Paragraph 9 of the original petition alleged that the defendant had incurred necessary hospital, medical, and dental expenses in connection with his injuries, in the sum of $3000. A demurrer calling for an itemization of these expenses was sustained, and two amendments subsequently allowed showing expenses incurred in the sum of $1900.82. Demurrers were renewed on the ground that this is contradictory to the figure of

$3000 which was not stricken from the original petition. However, since the original special demurrer to paragraph 9, which alleged injuries of $3000, was sustained, the legal effect of this judgment unexcepted to was to remove this objectionable matter from the petition, and the amendment correctly itemizing the damages would not be subject to demurrer on this ground.

■ The petition set out a cause of action against this defendant, and was not subject to general demurrer. *Central of Georgia Ry. Co.* v. *Plunkett,* 102 *Ga.* 577 (27 S. E. 682).

The trial court erred in overruling the motion for a new trial for the reasons stated in division 7 of this opinion.

*Judgment reversed on main bill of exceptions. Judgment affirmed on cross-bill of exceptions. Gardner, P.J., and Townsend, J., concur.*