34458, 34459.   GAY *v.* HEALAN *et al.* (two cases).

534

Decided July 2, 1953—Rehearing denied July 14, 1953.

*Nelson & Nelson, Lester F. Watson,* for plaintiff in error.

*Johnson & Johnson, Harold E. Ward,* contra.

WORRILL, J.  Several grounds of the demurrer in both cases attack allegations of the petition on the ground that the same are multifarious, contradictory, and impertinent, or that there is a misjoinder of parties plaintiff and defendant and causes of action; that the particular allegations are irrelevant, immaterial and not germane to the alleged cause of action; that they are merely conclusions and opinions of the pleader not based on any facts alleged, and constitute no issuable facts, state erroneous conclusions of law, and that the same should be stricken. A demurrer, being a critic, must itself be free from imperfection. It must lay its finger, as it were, on the very point. *Douglas, Augusta &c. Ry. Co.* v. *Swindle,* 2 *Ga. App.* 550, 556 (59 S. E. 600); *Dunn* v. *Freeman,* 24 *Ga. App.* 504 (5) (101 S. E. 393);

*Central of Georgia Ry. Co.* v. *Sharpe,* 83 *Ga. App.* 12, 22 (3) (62 S. E. 2d 427); *Veal* v. *Beall,* 189 *Ga.* 31 (2), 34 (5 S. E. 2d 5); *Bowen* v. *Samuels,* 204 *Ga.* 718 (2), 720 (51 S. E. 2d 667). A demurrer which fails to point out wherein a particular allegation is irrelevant, immaterial, prejudicial, not germane or impertinent, or does not constitute issuable facts, or states erroneous conclusions of law, or which does not point out wherein or how the petition is multifarious or contradictory, is altogether too vague and general to be considered by this court. Accordingly grounds 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 13, and 19 (c) of the demurrer in case No. 34458 and grounds 1, 2, 3, 4, 6, 7, 8, 9, 10, 12, and 18 (c) of the demurrer in case No. 34459 will not be considered.

■ Paragraph 11 (e) of the petition in case No. 34459 and paragraph 12 (e) of the petition in case No. 34458 alleged that the defendant Powell was negligent in driving the automobile at an unlawful and rapid rate of speed of more than 55 miles per hour, the same being faster than was reasonable and safe, having due regard for the width, grade, and character of the road and the use being made of the road and highway at that place. These allegations were demurred to in both cases as being conclusions of the pleader, not supported there or elsewhere in the petition with any issuable facts alleged showing what the width, grade, and character of the road were at the time and place of the injury, or what there was to prevent normal driving and use of the road at that time. These grounds of the demurrer are without merit. Elsewhere in both petitions it was alleged that the defendant Charlie Powell was driving the automobile furnished him by the defendant Gay. at a speed of 90 miles per hour. Such an allegation of fact, without more, was sufficient to show the negligent conduct charged in the paragraphs of the petition demurred to by these paragraphs of the demurrers, and the trial court did not err in overruling ground 12 of the special demurrer in case No. 34458 and ground 11 of the special demurrer in case No. 34459.

■ The plaintiffs alleged that the defendant Powell was negligent in failing to sound the horn of the automobile he was driving and to give warning to others on the highway of the approach of his automobile, the view over the hill not being

clear, and that he was negligent in failing to have his automobile under control so as to avoid hitting or striking the Healan car. These allegations were demurred to on the ground that they were irrelevant and immaterial, state conclusions and opinions of the pleader, and set forth no valid or legal ground of negligence against the defendant, and are not supported by any facts alleged therein or elsewhere. These cases are joint actions against Powell, the deputy sheriff who was driving the automobile which collided with the automobile occupied by the Healans and driven by Mr. Healan. Gay is charged with negligence in furnishing to Powell, known by him to be a reckless driver, a "souped up" automobile. The allegations thus demurred to are proper allegations of negligence against the driver of the automobile which collided with the Healans' car. While such acts of negligence would not be imputable to the defendant Gay, under the ruling which we are making in the 4th division of this opinion, they are not demurrable on the grounds set forth above. The trial court did not err in overruling these grounds of special demurrer in each case.

All the allegations of negligence charged against Powell are demurred to by Gay and by him moved to be stricken as to that defendant because they are irrelevant and immaterial as to him. As pointed out above, such acts of negligence are not imputable to Gay, but are proper and necessary allegations in the action against Powell, and for this reason the judge of the superior court did not err in overruling these grounds of special demurrer.

■ The plaintiffs alleged that the defendant Charlie Powell was a dangerous and reckless driver of automobiles; that he had the reputation for speeding and driving automobiles at an excessive, illegal, and dangerous rate of speed, and that this reputation was known to the defendant Gay, or in the exercise of ordinary care should have been known to Gay. It was also alleged that Gay furnished to Powell a "souped up" automobile, the same being a 1950 Ford coach with a Cadillac motor in it and that so equipped the Ford was overpowered and difficult to manage. As grounds of negligence against Gay, the plaintiffs charged that he was negligent in employing Powell, knowing that he was a reckless and dangerous driver, and that Gay was

negligent in furnishing him a "souped up" automobile. These allegations of negligence were demurred to specially on the grounds that they were irrelevant, immaterial, and not germane to the alleged cause of action, were highly impertinent, inflammatory, and prejudicial, were mere conclusions and opinions of the pleader, and do not constitute any valid or legal grounds of negligence against the defendant Gay. These grounds of demurrer together with the general demurrers to the petition raise substantially the same questions, namely, whether the allegations of fact contained in the petition together with the allegations of negligence charged against Gay were sufficient to set forth a cause of action against him.

If a petition sets forth a cause of action under any theory, it is not subject to dismissal on general demurrer. *Hall* v. *John Hancock Mutual Life Ins. Co.*, 50 *Ga. App.* 625 (2) (179 S. E. 183). While a deputy sheriff is not an employee of the sheriff, but is an employee of the county wherein he serves, and is merely appointed by the sheriff (Code § 24-2811), and while the sheriff is liable only for the official acts (that is acts virtute officii or colore officii) of the deputy (Code § 24-201) ; *Culpepper* v. *U. S. F. & G. Co.*, 199 *Ga.* 56, 33 S. E. 2d 168), and while under such rules of law the sheriff is not personally liable for the negligent acts of his deputy which acts are in no way connected with the performance of his official duties, and while, under the foregoing rulings, the allegations of the petition respecting Powell being an employee of Gay, and asserting liability of Gay for the acts of Powell on the theory of respondeat superior, are not sufficient for that purpose—the petition does allege a cause of action based on the act of Gay, as an individual, in furnishing to Powell, as another individual, known by Gay to be a reckless and dangerous driver of automobiles, an automobile which was a dangerous instrumentality, particularly in the hands of one such as Powell was alleged to be, in that said automobile, a Ford, was equipped with a too-powerful motor, a Cadillac motor which made the same difficult to control, etc. "Where one supplies another with an automobile to be used by the latter, who is not qualified to drive it, which is known to the owner, and injury results to a third person by reason of the incompetence of the driver, a jury is authorized to find this to be such

negligence as would authorize recovery against the owner. Accordingly, the petition here, which alleges these facts, is not subject to general demurrer." *Burks v. Green*, 85 *Ga. App.* 327 (69 S. E. 2d 686). This is true whether such driver be an agent of the owner or not. *NuGrape Bottling Co.* v. *Knott*, 47 *Ga. App.* 539 (1) (171 S. E. 151). See also *Crisp.* v. *Wright*, 56 *Ga. App.* 338 (192 S. E. 390).

The petition in the instant case alleged a cause of action based on Gay's negligence in furnishing to Powell a high-powered "souped up" automobile, knowing Powell to be a reckless, dangerous, and habitual driver at excessive speeds, and the trial court did not err in overruling the general demurrers or in overruling the special demurrers to the allegations of negligence against Gay respecting the furnishing of the automobile to Powell.

Under the foregoing ruling, the allegations of the petition as to Gay's liability as the employer of Powell and the allegations seeking to charge Gay with the negligence of Powell on the theory of respondeat superior, should have been stricken on special demurrer attacking them as being vague, indefinite, and uncertain in that it was not alleged whereby or in what manner Powell was an employee of Gay or wherein or in what manner he was acting within the scope of his alleged employment, and in that no facts were alleged which show that the relationship of employer and employee or of master and servant existed between the defendants. It follows that the trial court erred in overruling the 5th ground of demurrer in each case.

■ Factitious demands by special demurrer are not favored. Reasonable certainty is all that is required in pleading, and a party need not allege his evidence in order to sustain his cause of action. *Webb Cotton Co.* v. *Gordon*, 19 *Ga. App.* 63 (1) (90 S. E. 1032); *Louisville &c. R. Co.* v. *Watts*, 20 *Ga. App.* 637 (1) (93 S. E. 255); *Rhodes* v. *Industrial Finance Corp.*, 64 *Ga. App.* 549, 553 (13 S. E. 2d 883); *Hobbs* v. *Holliman*, 74 *Ga. App.* 735, 739 (2) (41 S. E. 2d 332); *Womack* v. *Central Georgia Gas Co.*, 85 *Ga. App.* 799, 806, 807 (8a) (70 S. E. 2d 398). Paragraph 17 of the demurrer in case No. 34459 seeks additional information as to the employment and occupation of the plaintiff's father, and as to the source and nature of his alleged $5,000 per

year income. The paragraphs demurred to in this ground of the demurrer allege that the petitioners' father was at the time he was killed 66 years of age, and was engaged in the business of trading in livestock and cattle, trucks, and automobiles, and other commodities, and in farming, raising truck and vegetables, and was earning $5,000 per year; that he was able-bodied and in good normal health and had an expectancy of 11.27 years; and that by reason of the facts set forth in the petition the plaintiffs had been injured and damaged in the sum of $56,300. These allegations were sufficiently full and explicit and set forth sufficient facts to inform the defendants as to what the nature and extent of the plaintiffs' claim against them was, and the trial court did not err in overruling the special demurrers thereto.

Judgments affirmed on condition that allegations of both petitions as demurred to by paragraph 5 of the defendant's special demurrer in each case, and as referred to in the 4th division of the opinion, be stricken from the petitions, otherwise the judgments to stand reversed.

*Sutton, C. J., and Felton, J., concur.*