11415.   RAPE *v.* BARKER.

1. Whether or not the owner of an automobile is liable for damage caused by it which results from the negligence of the person operating it depends upon whether the person driving it was the agent or servant of the owner and engaged upon the business of the owner at the time the negligence occurred. If he was such agent or servant and engaged upon such business, the owner is responsible for injuries to persons or property caused by his negligence in operating the automobile. Aliter, if he was not such agent or servant and was not engaged upon such business.

(a) Thus, the owner of an automobile is not liable for injuries inflicted by his brother-in-law, in negligently operating the machine, where it appears that at the time of the injuries the brother-in-law was not using the car as the agent or servant of the owner nor engaged upon business of the owner.

2. The trial judge therefore did not err in granting a nonsuit.

DECIDED MAY 12, 1920.

Action for damages; from Dooly superior court — Judge Gower. February 6, 1920.

*R. Douglas Feagin, W. H. Lasseter,* for plaintiff.

*Powell & Lumsden, Crum & Jones,* for defendant.

SMITH, J.   O. E. Rape sued B. B. Barker, seeking to recover damages for personal injuries, alleged to have been the result of a collision, at a road-crossing, between an automobile owned by the defendant but at the time of the collision driven by the defendant's brother-in-law, and another automobile driven by himself. There was no attack on the petition.   A nonsuit was granted.

It is not disputed that the defendant was the owner of the car which was driven by his brother-in-law at the time of the collision with the plaintiff's car.   Neither is it disputed that there might have been proof legally sufficient to make a jury question as to whether or not the defendant's car was operated negligently.   However, conceding it to be a fact that the car was the property of the defendant, and might have been negligently driven by his brother-in-law, the defendant would still not be liable, unless the brother-

in-law, in driving the car, was the agent or servant of the defendant and engaged in the performance of the defendant's business. "The owner, or keeper, of an automobile will not be held liable for a negligent homicide committed therewith in a public street by a person old enough to be discreet and responsible in the eyes of the law, who took the machine, without the knowledge of the former." *Lewis* v. *Amorous*, 3 *Ga. App.* 50 (3) (59 S. E. 338). The ruling in that case was followed in the case of *McIntire* v. *Hartfelder-Garbutt Co.*, 9 *Ga. App.* 327( 71 S. E. 492), where it was held that " the owner of an automobile usually is not liable for injuries inflicted by one who at the time is driving it without his consent." See also *Griffin* v. *Russell*, 144 *Ga.* 275, 281 (87 S. E. 10, L. R. A. 1916F, 46 Ann. Cas. 1917D, 994), and *Dougherty* v. *Woodward*, 21 *Ga. App.* 427 (1) (94 S. E. 936). The evidence in the case under review shows: that the defendant was a conductor on the Georgia, Southern & Florida Railroad, running to and from Macon, Georgia; that he was a resident of Unadilla, Georgia, and that he was the owner of the car driven by his brother-in-law at the time of the collision, which occurred on the way from Unadilla to Macon; that he frequently used the car in going from Macon to his home after completing his run, but that on the day of the collision he was not expecting his car to meet him in Macon, as his brother-in-law had told him that he " needn't have your [the defendant's] car sent to Macon Monday. I have got to go up to have some work done on mine, and I will meet you at the depot and bring you back; " that he had no knowledge whatever that his brother-in-law was going to use his (the defendant's) car, and was utterly surprised when he discovered that it was his car that his brother-in-law had used, and not the latter's. This evidence is, we think, legally insufficient to show that there existed between the defendant and his brother-in-law the relation of master and servant, principal and agent, employer and employee, or any other relation whereby the defendant could be held responsible for the acts of the brother-in-law.

Nor do we think that the defendant's statements a day or so after the collision that " he wanted to know if he could do anything," and that " if his car was to blame he would like to pay the damages," amount to a ratification of the tort or to an acknowledgment of his liability therefor. It does not appear that the de-

fendant was charged with liability for the injury and failed to deny it, or that he offered his assistance to the plaintiff in a spirit of compromise; but his statements seem to have been made only in a spirit of benevolence, and without any admission of legal liability.

For these reasons we are constrained to hold that the court did not err in awarding a nonsuit.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*