16671.   HOLBROOKS *v.* FORD RENTAL SYSTEM.

The action being for damages because of the striking of the plaintiff by an automobile when he was crossing a highway, and it not appearing from the petition that the alleged violation of law in not displaying a number-plate on the automobile, or in letting out the automobile for

hire on the Sabbath day, had any causal relation to the injury, the court did not err in sustaining a demurrer to the allegations as to such violation of law.

Admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover upon the theory that the proximate cause of the injury was the alleged defective brakes of the automobile. The judgment declaring a nonsuit was not error.

DECIDED NOVEMBER 10, 1925.

Action for damages; from city court of Floyd county—Judge Bale. June 10, 1925.

*Porter & Mebane,* for plaintiff.

*Denny & Wright,* for defendant.

LUKE, J. Plaintiff, aged ten, by his next friend, sued Ford Rental System, a partnership composed of Charlie and Phil Mendelsohn, for damages alleged to have been inflicted upon him by reason of a collision of the defendant's Ford automobile with him while he was crossing a public highway. At the time of the collision the automobile was rented to Alex Dixon and Joe McCarver, and was being driven by the former in an easterly direction on the Alabama public road towards Rome. The allegations of negligence, briefly stated, are: (1) When defendant let out said automobile the brakes were so loose and defective that, though the driver of the car saw plaintiff in time to have avoided the collision had the brakes been good, and though he promptly and properly tried to apply them, yet because of their defective condition the collision occurred and plaintiff was injured. (2) Defendant was guilty of negligence per se, in violating the automobile laws of Georgia in failing to equip said automobile with efficient and serviceable brakes. (3) Defendant was negligent in failing to display the number-plate assigned to said automobile as required by the laws of Georgia. (4) Defendant was negligent in letting out said automobile for hire on the Sabbath day in violation of section 416 of the Penal Code (1910), inhibiting any person from pursuing his business or the work of his ordinary calling on the Sabbath day.

1. It not appearing from the petition that the alleged violations of the laws of Georgia in failing to display a number-plate on the automobile and in letting out the automobile for hire on the Sabbath day had any causal relation to the plaintiff's injuries, the court did not err in sustaining the demurrer to the allegations as to negligence in these particulars. *Central of Ga. Ry. Co.* v.

*Moore,* 149 *Ga.* 581 (101 S. E. 660) ; *So. Ry. Co.* v. *Pair,* 32 *Ga. App.* 378 (123 S. E. 142).

2.   Admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover upon the theory that the proximate cause of his injuries was the alleged defective brakes.   The judgment declaring a nonsuit was not error.   Civil Code (1910), § 5942.

*Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*