23236. ATLANTIC ICE AND COAL COMPANY v. FOLDS.

BROYLES, C. J. 1. The bill of exceptions contains no assignment of error, either upon the exceptions pendente lite or upon the judgment complained of therein. Therefore the exceptions pendente lite can not be considered by this court.

2. The excerpt from the charge of the court, complained of in the motion for a new trial, was authorized by the evidence, and, when considered in the light of the charge as a whole and the facts of the case, was not erroneous for any reason assigned.

3. The remaining special grounds of the motion are mere elaborations of the general grounds.

4. The plaintiff sued for damages because of the homicide of her minor son, who was unmarried and not quite fifteen years old at the time of his death, and upon whom she was dependent, and who substantially contributed to her support. He was killed in a collision between a truck of the defendant company and an automobile in which he was riding as an invited guest and over which he had no control, and at the time of the collision he was standing on the running board of the automobile and holding on to the car with both hands. He was knocked off the car by the collision and run over by the truck. Under the facts of the case this court can not say that the deceased boy was wanting in ordinary care because he was riding upon the running board of the automobile. That was a question for the jury. See, in this connection, *Georgia, C. & N. Ry. Co.* v. *Watkins*, 97 *Ga.* 381 (24 S. E. 34). The evidence was in sharp conflict as to whether the driver of the defendant's truck was negligent, and whether his negligence, if he were negligent, was the proximate cause of, or a contributing cause to, the homicide of the plaintiff's son. The evidence was also conflicting as to whether the driver of the automobile in which the deceased was riding was negligent, and whether his negligence, if existing, was the proximate cause of the homicide. However, those questions, and the question as to whether the deceased was negligent, and, if so, whether his negligence exceeded or equaled the negligence of the driver of the defendant's truck, if the latter were also negligent, were settled by the verdict of the jury, and their findings were authorized by the evidence. The refusal of the court to grant a new trial was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED NOVEMBER 11, 1933.

*C. L. Harris, J. W. Dennard,* for plaintiff in error.
*Strozier & Gower,* contra.