33704.   LASSITER *v.* POSS, by next friend, *et al.*

DECIDED MARCH 14, 1952—REHEARING DENIED APRIL 1, 1952.

*H. G. Vandiviere, Ben F. Smith, A. C. Latimer, Edward Savell*, for plaintiff in error.

*J. G. Roberts, Sam J. Welsch*, contra.

CARLISLE, J. (After stating the foregoing facts.) ■ The petition stated a cause of action against Lassiter, it appearing from the allegations that his son collided with an approaching vehicle in the daylight while rounding a hill which he knew to be dangerous, and while driving his automobile on the left side of the road and allowing his attention to be distracted by the occupants of the car with his visibility impaired by the group of youngsters on the front fenders. Certain of the acts alleged are negligent per se, and whether or not they constitute gross negligence so as to permit recovery by a guest, rather than ordinary negligence, is primarily a jury question. See *Barbre* v. *Scott,* 75 *Ga. App.* 524 (43 S. E. 2d, 760); *Arrington* v. *Trammell,* 83 *Ga. App.* 107 (62 S. E. 2d, 451); *Nash* v. *Reed,* 81 *Ga. App.* 473 (5) (59 S. E. 2d, 259). The special demurrers, directed to the allegations of negligence on the ground that they are conclusions of the pleaders, and that they do not constitute gross negligence, were also properly overruled for this reason, and the additional reason that the conclusions in such allegations are proper where,

as here, the petition alleges facts upon which such conclusions are based.

■ "One who knowingly and voluntarily takes a risk of injury to his person and property, the danger of which is so obvious that the act of taking such risk in and of itself amounts to a failure to exercise ordinary care and diligence for his own safety and that of his property, cannot hold another liable for damages from injuries thus occasioned." *Southern Railway Co.* v. *Hogan*, 131 *Ga.* 157 (1) (62 S. E. 64). However, in considering whether the risk is "obvious," the court must take into account not only the consequences of the act, but the fact as it appeared to the actor at the time, a fourteen-year-old girl with no driving experience, who either followed or was persuaded by her older companions to ride with others on the fender, there being no room inside the car. This has been held to be a jury question under very similar circumstances. See *Atlantic Ice & Coal Co.* v. *Folds*, 47 *Ga. App.* 832 (4) (171 S. E. 581), a case in which a minor was killed while riding on a running board of a car. The case differs materially from that of *Bugg* v. *Knowles*, 33 *Ga. App.* 710, supra, in which a fourteen-year-old boy was killed while lying asleep across a railroad track. A person going to sleep on a railroad track, a known place of danger, is thereby assuming a risk, and this is a fact on which reasonable minds would not disagree; but reasonable minds might disagree as to whether the fender of an automobile is such an obvious place of danger under all circumstances that a person sitting thereon would be barred from recovery as a matter of law. And while the standard of ordinary care of a child of fourteen or fifteen is presumptively that of an adult, as held in that case, and while the provisions of Code § 105-204 relating to the due care in a child of tender years may not apply in the absence of special circumstances, nevertheless, the youth and inexperience of a child of this age are to be considered, and the matter ordinarily left as a question of fact for the jury rather than as a matter of law for the court. *Paulk & Fossil* v. *Lee*, 31 *Ga. App.* 629 (121 S. E. 845). McIntyre *v.* Pope, 326 Pa. 172 (191 Atl. 607), and Wiese *v.* Polzer, 212 Wis. 337 (248 N. W. 113), cited by the plaintiff in error, do not control this principle of law, for the reason that those States therein followed the common-law principle of contributory

negligence on the part of the plaintiff as a bar to recovery, whereas Georgia follows instead the comparative-negligence doctrine, which merely limits the amount of recovery. Code, § 105-603. The court did not err in overruling the demurrers to the petition.

■ In special ground 1 of the amended motion for a new trial, error is assigned on the admission in evidence of the following: testimony by the defendant Johnson, on the ground that it is a conclusion: "In the answer filed by Mr. Roberts for me, I admitted that the left front fender of the Ford car, which was driven by Narvell L. Lassiter Jr., and the left front part of my truck collided and jammed together and caused the injury to Ann Poss . . and according to this I further admit that, if each of the two vehicles had been driven to the right of the center line of the road, they could have passed without interference from each other. If he had driven to the right of the center of the road, the accident could have been avoided . . but, due to the type of hill, that cars get pretty well on each other before they see each other . . I admit that he was driving said Ford across to the left of the center of the road, and that he was not in good control of the said Ford. Then I alleged that he was negligent in failing to turn and steer the Ford to the right of the road at the time and place to avoid the collision. I admit he was negligent in failing to use the car to avoid the collision and injury at the time." The error is contended to be all the more prejudicial because of the ruling of the court complained of in special ground 3, to the effect that counsel for the plaintiff was permitted in argument to state the following: "This case has already been decided. All you have to do is to write the verdict. Mr. Lassiter has already admitted he was liable in this case."

As to the testimony of Johnson above, it is apparent that counsel was cross-examining him about the pleadings filed in his behalf in the case, and that he was stating as a fact that he had admitted certain allegations of the petition. However, considering his testimony as referring to the facts of the case rather than as to the contents of the pleadings, some of the statements are not subject to the objection that they were conclusions, and counsel should have specified the objectionable matter rather than objecting to it *en bloc*. Since some of the testimony ob-

jected to was not a conclusion, the trial court correctly overruled the objection based on this ground. Of course, Johnson, not being in privity with Lassiter, could not make any admissions such as to bind his codefendant, but the testimony was not objected to for this reason. As to the argument of counsel that Lassiter had admitted liability, there was considerable other evidence in the record of statements by this defendant, including the testimony of a police officer that he had said he "would straighten the thing out and go see Mr. Poss." Johnson also testified without objection that Lassiter had offered to have his car fixed for him, and had actually done so. Counsel may not argue on facts not in evidence, but he may, in argument, draw any reasonable inference or conclusion from facts proved. *Mitchum* v. *State*, 11 *Ga.* 615, 631. Counsel was therefore within his province in drawing from these facts an inference of the admission of liability and in arguing the same to the jury. These grounds are without merit.

■ Special ground 2 urges an objection to testimony of the plaintiff's sister, who slept with her at night, that "she keeps me awake sometimes at night when she turns over and wiggles in her sleep, she will wake up and wake me up at night, and it is usually her leg . . her left." Expressions descriptive of present pain, complained of by the injured party and expressive of natural reflexes which it might be impossible to show by other testimony, are admissible. *Lathem* v. *Hartford Accident &c. Co.*, 60 *Ga. App.* 523, 529 (3 S. E. 2d, 916) ; *Liberty Mutual Insurance Co.* v. *Meeks*, 81 *Ga. App.* 800 (60 S. E. 2d, 258). A distinction must be drawn between those expressions of pain which might constitute self-serving declarations, being in the nature of a mere narrative of past events, and those which are in the nature of res gestae—not as to the accident, it is true, but as to the nature and existence of present pain. The testimony regarding the movements and complaints of a young girl in her sleep would seem to fall into the latter category. In any event, however, testimony as to the plaintiff's pain and discomfort, by this witness and also by the girl's mother and her attending physician, was admitted without objection. This ground is without merit.

■ Complaint is made in special ground 4 that the court erred in failing to charge explicitly that pleadings are not evidence

and have no probative value. In *Shore* v. *Ferguson*, 142 *Ga.* 657 (3) (83 S. E. 518), it is held as follows: "The mere failure of the court to state in express terms that the contentions as made in the pleadings were not evidence, there being nothing in the charge to indicate to the jury that those contentions could be considered as evidence, is not ground for the grant of a new trial." This ground is without merit.

■ Special grounds 5 and 7 complain of the court's charge on proximate cause, in that the court failed to charge that, before the defendant Lassiter could be held liable in damages, it must appear that his negligence, if it existed, was the proximate cause of the injury, although the court charged, as to Johnson, that "it would remain a question for the jury to determine whether such failure [of Johnson to exercise ordinary care] was the proximate cause of the injury." As to Lassiter, portions of the court's charge are as follows: "In order for the defendant Lassiter to be liable in this case, it must appear that Narvel Lassiter Jr. was guilty of gross negligence . . if the injuries were caused solely by the negligence, if any, of young Lassiter, and if Johnson was not guilty of any negligence, then the plaintiff would not be entitled to recover against Johnson . . if he [Lassiter] negligently causes injury to another, the negligence would be imputable to the parent. . . The fact that the injury could not have been sustained had only one of the acts of negligence occurred does not eliminate the other act as constituting a part of the proximate cause of the injury." The charge as a whole, which correctly stated the degree of care owing by Johnson as ordinary care, and that of Lassiter as slight care, and correctly stated the rule as to the doctrine of concurrent proximate cause, was not such as to confuse or mislead the jury into believing that Lassiter could be held liable if his son's negligence was not the proximate cause, or concurrent proximate cause, of the injuries received.

■ The plaintiff did not sue for special damages, lost earnings or impairment of capacity to labor. The petition alleged certain physical injuries, and that "all of said injuries are serious, painful, and permanent, and they caused plaintiff excruciating pain and will continue to cause her pain and suffering." The evidence supported these allegations. In view of this, the court's charge,

excepted to in ground 6, that damages recoverable on account of personal injuries are damages on account of pain and suffering proximately resulting from the injuries, and that the rule for the ascertainment thereof is the enlightened consciences of fair and impartial jurors, is not error for any reason assigned.

The verdict was supported by the evidence, and, there being no error of law sufficient to require a reversal, the trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*