34561. HODGES *et al. v.* PILGRIM, by next friend, etc.

Decided May 13, 1953—Rehearing denied May 27, 1953.

*John M. Slaton, J. Hugh Rogers,* for plaintiffs in error.

*Hewlett, Dennis, Bowden & Barton, Sam D. Hewlett, Jr., Douglas Dennis,* contra.

SUTTON, C. J. 1. Code § 68-303 (c) requires the operator of an automobile meeting another vehicle coming from the opposite direction on the same highway to turn to the right of the center on the highway, so as to pass without interference. The petition shows that the defendant was proceeding north on Childers Drive, a public highway, at 30 miles per hour; that Harmon's car was moving south at 10 miles per hour; and that the automobiles collided near the front of the parked automobile, while the defendants' car was to the left of the center of said highway and on Harmon's side of the road. This was a violation of Code § 68-303 (c) and was negligence per se; and the court did not err in overruling the demurrers to paragraph 16 and to subparagraph (d) of paragraph 20 of the petition.

2. Code § 68-303 (d) provides: "An operator of a vehicle overtaking another vehicle going in the same direction, and desiring to pass the same, shall pass to the left of the vehicle overtaken: Provided, that the way ahead is clear of approaching traffic, but if the way is not clear he shall not pass unless the width of the roadway is sufficient to allow his vehicle to pass to the right of the center thereof in the direction in which his vehicle is moving." The petition alleges that the view of both drivers of each other was unobstructed for a distance of 300 feet, but it also shows that the way ahead was not clear for the defendant to pass the parked automobile, and that the width of the roadway was insufficient to allow her to pass to the right of the center thereof, in meeting Harmon's automobile and in passing the parked automobile; and the defendant was alleged to have been negligent as a matter of law in undertaking to pass

in this situation. See *Williams Bros. Lumber Co.* v. *Meisel*, 85 *Ga. App.* 72, 76 (5-a) (68 S. E. 2d 384); *Morgan* v. *Brown*, 71 *Ga. App.* 401, 403 (4) (31 S. E. 2d 208); *Roberts* v. *Phillips*, 35 *Ga. App.* 743 (1) (134 S. E. 837). The court did not err in overruling the demurrers to paragraph 19 and to subparagraph (c) of paragraph 20 of the petition.

3. The petition also alleges negligence on the part of the defendant in failing to give warning, and to slow or to stop her automobile before attempting to go around the parked automobile. It would be a matter for a jury to determine, under the evidence, whether or not the defendant's way ahead was clear, whether her giving some warning would have prevented the collision, whether the view of the two approaching drivers was unobstructed, and whether or not the defendant was in the exercise or ordinary care in failing to give warning and in failing to slow or to stop before passing the parked automobile. *Whatley* v. *Henry*, 65 *Ga. App.* 668 (1) (16 S. E. 2d 214). We find nothing in the petition contradictory to the allegation that the defendant suddenly drove onto the left side of the highway and into the car on which the plaintiff was riding. The court did not err in overruling the demurrers to paragraph 17 and to subparagraphs (a) and (b) of paragraph 20 of the petition.

4. In the present case, where the petition shows that the defendant Carolyn Hodges was negligent as a matter of law in certain respects, and where it is alleged that the plaintiff, a 15-year-old boy, was riding on the left front fender of a car, and that the impact of the collision with the defendants' car threw the plaintiff to the pavement thereby injuring him, the petition set out a cause of action good as against the general and special demurrers. See, in this connection, *Smith* v. *American Oil Co.*, 77 *Ga. App.* 463 (2 b) (49 S. E. 2d 90); *Atlantic Ice & Coal Co.* v. *Folds*, 47 *Ga. App.* 832 (171 S. E. 581); *Lassiter* v. *Poss*, 85 *Ga. App.* 785 (70 S. E. 2d 411). The case of *Taylor* v. *Morgan*, 54 *Ga. App.* 426 (188 S. E. 44), cited and relied upon by the plaintiff in error, is distinguishable on its facts from the present case. There the plaintiff's deceased husband, a man of 29 years, was standing on the running board of a car which was proceeding along a dusty road and had just been passed by another car, and the plaintiff's deceased husband had placed his head inside

the car to avoid the dust and his body was protruding beyond the side of the car on which he was riding, when his body was hit by a car coming from the opposite direction and passing close by. Here, it is alleged that the defendants' car collided with the Harmon car, as a result of which the plaintiff was thrown to the ground and injured. The present case under its facts is very similar to the case of *Atlantic Ice & Coal Co.* v. *Folds,* supra, and the ruling in that case is applicable here.

The court did not err in overruling the general and special demurrers to the petition.

*Judgment affirmed. Felton and Worrill, JJ., concur.*