34965. JOHNSON *v.* WEBB-CRAWFORD COMPANY, INC.

DECIDED JANUARY 20, 1954.

*Howard Oliver, Jr., H. T. Oliver,* for plaintiff in error.
*Erwin, Nix, Birchmore & Epting,* contra.

GARDNER, P. J. This court will not deal with the contention of the defendant company that there was no evidence tending in any manner to show negligence on the part of the driver of the defendant's truck, as a result of which he ran over the plaintiff with the truck and inflicted the personal injuries sued for. This is so because the trial judge did not deal with this contention when he directed a verdict for the defendant, but did so solely upon the ground and for the reason that there was no evidence tending to show that the driver of the truck was employed by the defendant company as a truck driver and was in and about the business of the company and within the scope of his employment when he so injured the plaintiff.

"Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." Code § 110-104. "Every person shall be liable for torts committed by . . . his servant, by his command or in the prosecution . . . of his business, whether the same shall be by negligence or voluntary." § 105-108. It is claimed by the defendant company that there was no evidence at all to submit to the jury tending to show that the person driving this automobile truck which struck and ran over the plaintiff, inflicting the personal injuries sued for, was even employed by the defendant at the time of the accident, and the evidence failed to establish that such person was operating the truck within the scope of his employment and in and about the business of the defendant company, but it is contended that the evidence affirmatively discloses to the contrary. This being so, then no other verdict except for the defendant company could have been lawfully returned by the jury. The defendant would only be liable to the plaintiff by virtue of the doctrine of imputable negligence, and the driver of the truck must have been in its employ and at the time engaged in the performance of his duties and about the business of the defendant, his master and employer. If the plaintiff is injured by the operation of a motor vehicle belonging to the defendant company, which is being operated by one whom he claims to be the servant and employee of the defendant company and at the time actually engaged in the operation of the employer's and master's business, that is, the performance of the duties of his employment, at the time he

negligently drove the truck against and into the plaintiff and inflicted the personal injuries sued for, the plaintiff must show by the evidence facts from which the jury may determine that this automobile truck driver—the person driving the vehicle that ran into him—was: (1) the defendant's employee or servant; and (2) was acting within the scope of his employment and performing the duties for which he was hired in the driving of the motor vehicle at the time he committed the alleged negligence and injured the plaintiff. See *Gillespie* v. *Mullally*, 30 *Ga. App.* 118 (117 S. E. 98); *Dougherty* v. *Woodward*, 21 *Ga. App.* 427 (94 S. E. 636); *Piedmont Operating Co.* v. *Cummings*, 40 *Ga. App.* 397 (149 S. E. 814). In *Lafitte* v. *Schunamann*, 19 *Ga. App.* 799 (92 S. E. 295), this court held: "This suit was against the owner of an automobile, for injuries sustained by the plaintiff by reason of having been struck by the automobile. The evidence of the plaintiff showed, without contradiction, that the automobile, at the time it struck him, was being driven by one who was not in the employ of the owner of the automobile, and who was driving it without the knowledge or consent of the owner. *Held*, that the court did not err in granting a nonsuit. *Fielder* v. *Davison*, 139 *Ga.* 509 (77 S. E. 618); *Wooley* v. *Doby* [19 *Ga. App.* 797.]" In *Minter* v. *Kent*, 62 *Ga. App.* 265, 271 (8 S. E. 2d 109), this court held: "But to recover the plaintiff was also required to show that the relationship between the defendants and the driver of the truck was that of master and servant, and that at the time of his [plaintiff's] injury the driver was in the prosecution of the defendants' business and in the scope of his employment." See *Greeson* v. *Bailey*, 167 *Ga.* 638 (146 S. E. 490); *Rape* v. *Barker*, 25 *Ga. App.* 362 (103 S. E. 171); *Nichols* v. *G. L. Hight Motor Co.*, 63 *Ga. App.* 155 (10 S. E. 2d 439).

The plaintiff's evidence entirely failed to show that the driver of this truck was even employed by the defendant company at the time of the injury, the plaintiff merely testifying that he had seen the driver, Lunceford, working at the defendant's place of business loading trucks in the past. Even if such testimony created a presumption that one who had been working for a company in the past was still working, there was the unimpeached and uncontradicted testimony of Harvey Downs, the general foreman of the defendant and its traffic manager, that "Murry Lunceford was not working for Webb-Crawford on

March 31, 1952, and that was the day this thing happened. I don't know where he was that day. Murry Lunceford formerly worked with Webb-Crawford as a truck helper. . . I don't know where Murry came from that day. He didn't show up around Webb-Crawford at all that day—I didn't see him at all that day. . . The last time Murry Lunceford worked for Webb-Crawford, he worked some two or three hours on Saturday immediately before this Monday." The evidence, therefore, not only fails to show that the driver of the truck was employed by the defendant company at the time of the accident, but there is no evidence at all that driving a truck was within the scope of his employment or that he had ever been seen doing so. The evidence was such that a verdict for the plaintiff would have been unauthorized and contrary to law. Therefore, it was proper for the court to direct a verdict for the defendant on the above ground.

This case is not at all like the cases referred to in the plaintiff's brief, nor like *Causey* v. *Swift & Co.*, 57 *Ga. App.* 604 (196 S. E. 228), where there was some evidence from which the jury could find that the truck driver was employed by the defendant and was about its business at the time the plaintiff was struck by him. It is true that, where it appears that the defendant company owned the truck that injured the plaintiff and that the driver thereof was at the time the defendant's servant and employee, a presumption would arise that he was about the defendant's business at the time he ran over the plaintiff. *Gallagher* v. *Gunn*, 16 *Ga. App.* 600 (85 S. E. 930) ; *Dawson Motor Co.* v. *Petty*, 53 *Ga. App.* 746 (186 S. E. 877) ; *Abelman* v. *Ormond*, 53 *Ga. App.* 753 (187 S. E. 393). No such situation arises here. It did not appear that the truck driver was the servant of the defendant at the time he drove the truck into and over the plaintiff.

The mere fact that the defendant company owned this automobile truck which struck and ran over the plaintiff, inflicting these injuries, would not render said defendant liable. *Graham* v. *Cleveland*, 58 *Ga. App.* 810 (200 S. E. 184). "The burden of proof was on the plaintiff to establish the fact that the individual defendant [here the truck driver] was an employee of the defendant corporation acting within the scope of his employment at the time and place of the collision, before there could

be any liability on the part of the corporation, and this could not be established by circumstantial evidence alone which was consistent with direct and uncontradicted evidence showing that the individual defendant [the truck driver] was not such an employee at the time and place in question, and under the evidence no liability on the part of the defendant corporation was shown, and a verdict for this defendant was demanded. Accordingly, it was not error for the trial judge to direct a verdict for the defendant corporation, and enter judgment in accordance with this verdict." *Allgood* v. *Dalton Brick & Tile Corp.*, 81 *Ga. App.* 189 (4) (58 S. E. 2d 522).

It follows that a verdict in favor of the defendant, Webb-Crawford Company, was the only verdict which could properly have been rendered and was demanded, and it was therefore, not error to direct the jury to return such verdict on the grounds stated. The judgment entered thereon was proper.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*