### 35780. MASON *et al. v.* POWELL, Next Friend.

Decided July 13, 1955.

498

*T. Ross Sharpe, Sharpe & Layne,* for plaintiffs in error.
*Nat O. Carter, Wm. T. Darby,* contra.

TOWNSEND, J. ■ "The head of a family who keeps and maintains an automobile for the use, comfort, pleasure and convenience of the family is liable for an injury resulting from the negligence of a minor son, a member of the family, while operating the automobile with the knowledge and consent of the owner, for the comfort or pleasure of the family, and thus in pursuance of the purpose for which it was kept and maintained by the parent." *Cohen* v. *Whiteman,* 75 *Ga. App.* 286, 288 (43 S. E. 2d 184). The same rule applies to a wife or mother who is the owner of an automobile which she keeps as a family-purpose car. *Goldstein* v. *Johnson,* 64 *Ga. App.* 31 (12 S. E. 2d 92). The family purpose doctrine does not make the mere fact of family relationship standing alone the "be-all and the end-all here" but is itself also grounded upon the principles of law of principal and agent, and master and servant. *Griffin* v. *Russell,* 144 *Ga.* 275 (87 S. E. 10, L. R. A. 1916F 216, Ann. Cas. 1917D 994); *Grahl* v. *McMath,* 59 *Ga. App.* 247 (2) (200 S. E. 342). In two cases it has been held in this State, that where the owner of a vehicle kept for the pleasure and convenience of the family turns it over to a member of the family with general authority to direct its operation, or

with knowledge that the automobile was being used by the permittee and others under such circumstances that a conclusion is warranted that the owner does not object to the automobile being driven by such others, the permittee being in the automobile which is being operated for his purposes, then the mere fact that another than the permittee is physically operating the vehicle will not preclude recovery as it is being used for the purposes for which it is kept. *Golden* v. *Medford*, 189 *Ga.* 614 (7 S. E. 2d 236) ; *Cohen* v. *Whiteman*, supra. But, unless the permittee is expressly or impliedly authorized by the owner of the vehicle to appoint a subagent for that purpose, the owner will not be liable. *Carter* v. *Bishop*, 209 *Ga.* 919, 928 (76 S. E. 2d 784). Thus, where the owner of a family-purpose automobile stated that he would send his daughter or go himself in the automobile to pick up another son, but failed to do so, the owner's wife was without authority to send a nephew, not a member of the family, for this purpose, although she would have had authority herself to drive the automobile, and although the purpose was one specified by the owner and involving the welfare of another member of the family. *Samples* v. *Shaw*, 47 *Ga. App.* 337 (170 S. E. 389).

It follows that the petition here, which showed no relationship whatever between the driver of the automobile and the owner, either as agent, servant or member of the family, set out no cause of action against the owner for the acts of the driver. This is true although a member of the family with permission to use the automobile gave express permission to the driver to take and use it, since it is not alleged that the permittee and co-defendant Jack Mason had general authority to direct the operation of the automobile and was himself present therein and that it was being used for purposes authorized and directed by him. It not appearing that the automobile was being used for a family purpose at the time of the upset, no liability can be imputed to the owner under this theory.

■ Nor does the petition here plainly allege facts from which it should be concluded that Mrs. Mason, by knowing that Patricia Pelham was driving her automobile and failing to object, ratify the permission extended to her without authority by the defendant Jack Mason. The petition alleges merely that Patricia Pelham had been driving the automobile for the past several days

and that she either knew or should have known this fact. Such allegation amounts to constructive knowledge only and is not sufficient, as against demurrer, to show a factual situation sufficient to put the owner on notice so that her failure to take any action would amount to a ratification thereof. For the same reason, the negligence alleged against Jack Mason in knowingly turning the car over to an incompetent and reckless driver is not imputable to the defendant here.

■ There remain in the case the allegations of negligence on the part of the defendant in that she permitted Jack Mason the use of the automobile when she knew or should have known that he was intoxicated and would probably remain in that condition. No facts are alleged which would have put this defendant on notice of the intoxication of the co-defendant, but even assuming that she knew this fact, there is no allegation connecting the intoxication of the co-defendant with the negligence of the driver of the car. It does not appear that such intoxication was the proximate cause of the injuries to the plaintiff or had any connection therewith. Consequently, any negligence of the owner in turning the car over to a person in an intoxicated condition would not be actionable, it not being the proximate cause or concurring proximate cause of the injuries received. *Holbrooks* v. *Ford Rental System*, 34 *Ga. App.* 588 (130 S. E. 363); *Whitaker* v. *Jones, McDougald, Smith Pew Co.*, 69 *Ga. App.* 711 (26 S. E. 2d 545).

It follows that no cause of action is alleged against the defendant Mrs. Mason, and the trial court erred in overruling her general demurrer to the petition.

■ Error is also assigned in the bill of exceptions on the overruling of the general demurrer of the co-defendant, Jack Mason, although this assignment of error is doubtless abandoned, since counsel for the plaintiffs in error does not argue it, and in fact states in his brief that "there is no doubt that it is negligent to deliver an automobile to a known incompetent driver." It is negligence for one having the custody and control of a motor vehicle to turn it over to a person known to be a reckless and incompetent driver, and, by reason of age, legally incompetent to operate an automobile. *NuGrape Bottling Co.* v. *Knott*, 47 *Ga. App.* 539 (171 S. E. 151). See also *Crisp* v. *Wright*, 56 *Ga. App.*

338 (192 S. E. 390); *Gay* v. *Healan,* 88 *Ga. App.* 533 (4) (77 S. E. 2d 47). The petition alleges that Jack Mason, who by reason of being a member of the owner's family had a right to the use of the automobile, turned it over to Patricia Pelham knowing at the time that she had no driver's permit, insufficient driving experience, and was incapable and incompetent of operating such motor vehicle. Accordingly, a cause of action is set out against this defendant.

The trial court erred in overruling the general demurrer of the defendant Mrs. Mason, but did not err in overruling that of the defendant Jack Mason.

*Judgment affirmed in part and reversed in part. Gardner, P. J., and Carlisle, J., concur.*