35697, 35698. JOHNSON v. BRANT, Administratrix (two cases).

Decided November 17, 1955.

*Reese, Bennet & Gilbert,* for plaintiffs in error.

*Oliver, Davis & Maner,* contra.

TOWNSEND, J. It has been settled in this State since the decision in *Griffin* v. *Russell,* 144 *Ga.* 275 (87 S. E. 10, L. R. A. 1916F 216, Ann. Cas. 1917D 994), and the further coverage of the subject in *Hubert* v. *Harpe,* 181 *Ga.* 168 (182 S. E. 167), that liability under the family-purpose doctrine rests upon the same principles of law as that governing master and servant or principal and agent. The *Griffin* case dealt with a minor child residing with the parent. The *Hubert* case dealt with an adult

and self-sustaining son to whom the privilege of using a family car was furnished. These cases and the line of decisions predicated upon them clearly lay down the rule that a member of a family who injures another while using the car for his own purposes within the scope of the business for which the car is maintained—that is, the pleasure, comfort and convenience of a member of the family—renders the head of the family who furnishes such automobile liable under the doctrine of *respondeat superior*. In two cases this doctrine has been so applied as to permit recovery against the owner where the family member was not actually the driver, but where such member, with express or implied authority "not only to ride in but to direct the operation of the car by others for his own pleasure" (*Golden* v. *Medford*, 189 *Ga.* 614, 7 S. E. 2d 236) permitted another to actually drive the car while "the son retained control, authority and direction over the automobile, and he remained in the automobile which was still in his possession, custody and control, and it was still being used when the collision with the truck occurred in furtherance of the purposes and objects contemplated in its use as a family car" (*Cohen* v. *Whiteman*, 75 *Ga. App.* 286, 290, 43 S. E. 2d 184). It is therefore recognized that a member of a family for whose pleasure, comfort and convenience an automobile is furnished may use such automobile for his pleasure and convenience, and may under certain circumstances, in so using it, obtain the services of another person to operate it for him, he being present and the car being under his direction or control and the use to which it is put being the accomplishment of a mission of his own, and the owner who furnishes such automobile may still be liable under the doctrine of respondeat superior.

As opposed to the principles of agency or of master and servant in this connection there is the law of bailment, under which it is well established that one who merely lends an automobile to another for purposes of the latter is not liable for negligence in the operation of the automobile except under special circumstances, such as knowledge that he is turning the car over to a reckless and incompetent driver, or that the automobile has some mechanical defect. Even in such cases, liability is predicated on a negligent act of the *owner* in turning the car over to another under such circumstances, not on *respondeat superior*. *Burks* v.

*Green*, 85 *Ga. App.* 327 (69 S. E. 2d 686) ; *Gay* v. *Healan*, 88 *Ga. App.* 533 (77 S. E. 2d 47). Where no negligence is alleged against the owner or a member of his family, and where the operator of the vehicle whose negligence is the cause of the injuries received is not a servant or agent of the owner nor a servant or agent of a member of the owner's family who would have a right, under the family-car doctrine, to employ the services of another to drive him while he was using the car for the purpose for which such family car was maintained, the owner is not liable. *Mason* v. *Powell*, 92 *Ga. App.* 496 (88 S. E. 2d 734).

The result, so far as this petition is concerned, would be the same if the defendant owner of the vehicle had himself lent his automobile to Kent, a friend and fellow student of his son, for Kent's pleasure in taking his friends for a ride. Where, as here, the driver is only a borrower and the transaction is only a bailment, there is no liability under the doctrine of respondeat superior. *Fielder* v. *Davison*, 139 *Ga.* 509 (5) (77 S. E. 618). See also *Raley* v. *Hatcher*, 61 *Ga. App.* 846 (7 S. E. 2d 777) ; *Graham* v. *Cleveland*, 58 *Ga. App.* 810 (200 S. E. 184). The fact that the son had a right to use the car as he pleased for his own purposes is not sufficient to make his father, the defendant owner, liable where the son lent the car to another under circumstances where, had the defendant himself lent the car to such other he would not be liable. Nor can we find where the allegation that the father entrusted the automobile with his son "to promote his said son's pleasure and to enhance his prestige" strengthens the case, granting that it might enhance the son's prestige to lend his automobile to his fellow students. It is not the motive of the defendant in making the automobile available, but the use to which it is put which determines liability. For example, a dealer who permits a prospective customer to borrow a car to try out, in the hope that the latter will purchase it from him, is a bailor, and the transaction is a loan, regardless of the lender's motive (a hope that eventual gain will result to him thereby). *Bowyer* v. *Cummins*, 81 *Ga. App.* 118 (58 S. E. 2d 224). At the time of the collision, the automobile was being operated by Kent, a borrower, solely for his own purposes. No acts of negligence were alleged either against the owner or his son. Accordingly, the trial court

did not err in sustaining the general demurrers of the defendant owner and dismissing the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*