38844. VAUGHN v. BUTLER.
38869. BUTLER *et al.* v. VAUGHN.

DECIDED JUNE 1, 1961—REHEARING DENIED JUNE 19, 1961.

*J. T. Pope, Jr., Pittman, Kinney & Pope, Joseph E. Cheeley,* for plaintiff in error.

*Hardin, McCamy & Minor,* contra.

NICHOLS, Judge. 1. The evidence adduced on the trial of the case authorized a finding that Mrs. Butler was the owner of the automobile and the real question presented by the motion for judgment non obstante veredicto is whether the verdict found by the jury as to Mrs. Butler was otherwise authorized.

The evidence, construed most favorably in support of the verdict, authorized a finding that Mrs. Butler turned the automobile over to her nephew, J. C. Green, that he permitted Mrs. Townsend to drive it although she had no driver's license, was only sixteen years old, and was inexperienced in operating automobiles, that while Mrs. Butler did not know that J. C. Green was permitting Mrs. Townsend to drive the automobile before Mrs. Townsend first operated the vehicle she did have such knowledge before the date of the collision between the plaintiff's automobile and the automobile owned by Mrs. Butler and being driven by Mrs. Townsend, and that no action was taken by Mrs. Butler to forbid Mrs. Townsend from continuing to drive such automobile.

The defendant Mrs. Butler cites the cases of *Mason v. Powell,* 92 Ga. App. 496 (88 S. E. 2d 734); and *Young v. Kickliter,* 213 Ga. 42 (96 S. E. 2d 605), and similar cases to support her contention that the judgment of the trial court granting her a judgment non obstante veredicto was correct. Such cases involve the "family purpose" doctrine and are cases where the member of the family who was granted permission to use the vehicle turns such vehicle over to a third party without the *knowledge* or *consent* of the owner and where the vehicle was not being used for the purpose of the agency. Such cases do not control the case sub judice.

Permission may be expressed or implied. *Hill v. State,* 14 Ga. App. 410 (81 S. E. 248); *Drake v. General Accident &c. Corp.,* 88 Ga. App. 408 (77 S. E. 2d 71); *Maryland Cas. Co. v. U. S. Fidelity &c. Co.,* 91 Ga. App. 635 (86 S. E. 2d 801). Before the date of the collision out of which the present action arose Mrs. Butler had actual knowledge that her nephew, J. C. Green, had permitted Mrs. Townsend to operate the automobile and she had taken no action to prevent such inexperienced operator from driving the vehicle. Accordingly the jury was authorized to

find that the automobile was being driven by Mrs. Townsend with the implied consent of the owner. In the brief of Mrs. Butler in this case it is contended: "Unless Mrs. Butler had authorized J. C. Green to allow others to operate the automobile without his being present therein, or had authorized J. C. Green to appoint a subagent for the purpose of such driving, the owner (Mrs. Butler), could not be liable." The testimony of Mrs. Butler to the effect that she had bought the automobile in her name because her nephew, J. C. Green, was a minor and that she considered it was his automobile, would authorize a finding that she bought the automobile and turned it over to him without any limitation on his authority to use, or to permit others to use, such automobile. This was at least implied permission to Green to permit others to drive the car and coupled with express knowledge that Mrs. Townsend, an inexperienced driver who lacked the skill and judgment to operate the automobile, had been permitted to operate the automobile previously and presented a question for the jury as to Mrs. Butler's liability. The judgment granting Mrs. Butler's motion for a judgment non obstante veredicto was error since the verdict of the jury finding against both defendants was supported by the evidence.

2. The amendment to the defendant's motion for new trial assigns error on two excerpts from the charge wherein the jury was authorized to find for the plaintiff and against Mrs. Butler if the jury found that Mrs. Butler knew or in the exercise of ordinary care should have known of Mrs. Townsend's incompetency to drive the automobile and if it was further found that the incompetency was a proximate cause of the collision. The complaint as to such excerpts is that it authorized a recovery against Mrs. Butler based on constructive knowledge only and did not require the defendant Mrs. Butler to have actual knowledge of the driver's incompetency before liability would accrue. No demurrer being filed, those cases dealing with pleadings where constructive knowledge only is pleaded without alleged facts to support them are not applicable. In the case at bar, regardless of the allegations in the petition, evidence was adduced without objection, sufficient to impute knowledge to the defendant owner.

"The burden is on the injured person to establish a contention made by him that the operator of the vehicle was incompetent to drive, and, where it sought to hold the owner for permitting the operation of his vehicle by an incompetent driver, the burden is on the plaintiff to show that the owner knew or ought to have known of the driver's incompetency and that the owner's negligence in entrusting the vehicle to an incompetent driver concurred with the driver's negligence to cause the injury." 61 C. J. S. 200, Motor Vehicles, § 511 (2). "It is generally recognized that one who places or entrusts his motor vehicle in the hands of one whom he knows or from the circumstances is charged with knowing, is incompetent or unfit to drive, may be held liable for an injury inflicted by the use made thereof by the driver, provided the plaintiff can establish that the injury complained of was proximately caused by the driver's disqualification, incompetency, inexperience, or recklessness. . . liability for the negligence of the incompetent driver to whom an automobile is entrusted does not arise out of the relationship of the parties, but from the act of entrustment of the motor vehicle with permission to operate the same, to one whose incompetency, inexperience, or recklessness is known or should have been known by the owner." 5-A Am. Jur. 590, Automobiles and Highway Traffic, § 580.

The defendant Mrs. Butler cites cases in support of her position, that the excerpts from the charge were error, where a "family purpose automobile" was turned over to an incompetent driver by the member of the family authorized by the owner to drive the automobile without the actual knowledge or implied consent of the owner and it held that no cause of action would lie against the owner, or cases where actual knowledge was alleged and the petitions were held to be good. The defendant neither cites, nor has this court found, any Georgia decision holding that where an automobile was turned over to an incompetent driver and the owner, from the facts involved, should have known of such incompetency that no recovery could be had for injuries to a third person caused by the incompetency of the driver. In the case of *Holt v. Eastern Motor Co.*, 65 Ga. App. 502, 508 (15 S. E. 2d 895), it was said: "The defendant [owner] would not be

liable for the negligence of Danford [driver] in the absence of an allegation that it knew or had reason to believe that he was an incompetent driver." No error is shown by the amendment to the motion for new trial.

*Judgment reversed in case number 38844, and affirmed in case number 38869. Carlisle, P. J., and Eberhardt, J., concur.*