40243. McKINNEY v. BURKE, by Next Friend.
40244. McKINNEY v. BURKE, by Next Friend.
40245. VARNADOE v. BURKE, by Next Friend.

DECIDED OCTOBER 17, 1963.

*Jay, Garden & Jay, Clayton Jay, Jr., (Case No. 40243), Mixon & Forrester, George M. Mixon, (Case No. 40244), Mallard & McMurray, William LeRoy McMurray, Jr., (Case No. 40245),* for plaintiffs in error.

*Wright & Reddick, George P. Wright,* contra.

RUSSELL, Judge. ■ "Reasonable minds might disagree as to whether the fender of an automobile is such an obvious place of danger under all circumstances that a person sitting thereon would be barred from recovery as a matter of law." *Lassiter v. Poss,* 85 Ga. App. 785, 788 (70 SE2d 411). "Where it is alleged that the plaintiff, a 15-year-old boy, was riding on the left front fender of a car, and that the impact of the collision with the defendants' car threw the plaintiff to the pavement thereby injuring him, the petition set out a cause of action." *Hodges v.*

*Pilgrim,* 88 Ga. App. 256, 260 (76 SE2d 454). To the same effect see *Atlantic Ice &c. Co. v. Folds,* 47 Ga. App. 832 (171 SE 581); 44 ALR2d 303. Whether the plaintiff, a minor, was in the exercise of ordinary care for his own safety under these circumstances is a question for the jury to decide rather than the court.

■ From the omission of the petition to allege that the minor defendant, McKinney, Jr., was a member of his grandfather's household to whom the truck was furnished under the family purpose doctrine, it must be assumed that no such relationship existed. Absent an agency relationship, the express allegation that the truck was furnished for the pleasure and convenience of the minor defendant shows a mere lending or bailment under which the owner would not be liable for injuries resulting from the negligence of the bailee during his use of the vehicle for his own purposes, since imputed negligence must rest on an agency relationship. *Graham v. Cleveland,* 58 Ga. App. 810, 811 (200 SE 184); *Rape v. Barker,* 25 Ga. App. 362 (103 SE 171); *Bell v. Washam,* 82 Ga. App. 63 (60 SE2d 408); *Johnson v. Webb-Crawford Co.,* 89 Ga. App. 524 (80 SE2d 63). The citations in *Graham,* supra, also stand for the proposition that this is true although the owner consents to the operation of the vehicle by the person whose negligence in fact causes the injury. The mere fact that the owner in lending the truck to his grandson put no restrictions on its use is not of itself sufficient to impose liability on the owner because of the act of the grandson in procuring another to drive in his stead: ". . . one who merely lends an automobile to another for purposes of the latter is not liable for negligence in the operation of the automobile except under special circumstances, such as knowledge that he is turning the car over to a reckless and incompetent driver, or that the automobile has some mechanical defect. Even in such cases, liability is predicated on a negligent act of the *owner* in turning the car over to another under such circumstances, not on *respondeat superior.* *Burks v. Green,* 85 Ga. App. 327 (69 SE2d 686); *Gay v. Healan,* 88 Ga. App. 533 (77 SE2d 47)." *Johnson v. Brant,* 93 Ga. App. 44, 46 (90 SE2d 587). While an owner whose negligence in knowingly entrusting his automobile to an incompetent and reckless driver may become actionable because he thereby converts

the vehicle into a dangerous instrumentality, *Burks v. Green,* 85 Ga. App. 327, supra, "nevertheless, the injurious conduct of the driver resulting from his incompetency is a necessary factor in the liability of the owner." Id., p. 331. This is so because, no matter how negligent a party may be, if his act stands in no causal relation to the injury it is not actionable. *Cain v. State,* 55 Ga. App. 376, 381 (190 SE 371). The negligence of the owner in knowingly entrusting the vehicle to a reckless and incompetent driver must concur with negligence of the driver resulting from that recklessness and incompetency, or the negligent entrustment cannot be considered a part of the proximate cause of injury so as to render the owner liable. Krausnick v. Haegg Roofing Co., 236 Iowa 985 (20 NW2d 432); Somerville v. Keeler, 165 Miss. 244 (145 S 721); Saunders v. Prue, 235 Mo. App. 1245 (151 SW2d 478); Richardson v. Erwin, 174 Kan. 314 (255 P2d 641); Winfrey v. Austin, 260 Ala. 439 (71 S2d 15); 60 CJS 1057, Motor Vehicles, § 431. See also *Garver v. Smith,* 90 Ga. App. 892, 896 (84 SE2d 693); *Myrick v. Alexander,* 101 Ga. App. 1, 5 (112 SE2d 697); *Burks v. Green,* supra, p. 329; *Vaughn v. Butler,* 103 Ga. App. 884, 887 (121 SE2d 72). In *Mason v. Powell,* 92 Ga. App. 496 (88 SE2d 734), where family purpose was shown as between the owner and her son, and where allegations of the petition showed incompetence on the part of the son due to intoxication, and incompetence on the part of the driver to whom the son had lent the vehicle due to her youth, lack of experience with automobiles, and failure to have a driver's license, it was held that a plaintiff injured by the incompetent driver could not recover against the owner of the vehicle in the absence of a showing that the owner had actual knowledge of the son's negligence in lending the automobile to the minor and by failure to object, or by consent, ratified the act. The opposite situation exists in *Vaughn v. Butler,* supra, where it appeared that the lending by the owner's nephew to an incompetent driver was actually known to the owner, and that by her failure to protest she ratified and acquiesced in the negligent entrustment.

No cause of action is set out against C. G. McKinney. The trial court erred in overruling the general demurrer in Case No. 40243.

506

■ The only acts of negligence alleged against E. M. McKinney, Jr., the grandson, are that while sitting beside the driver and exercising control over the operation of the truck he was negligent in failing to warn the plaintiff that the driver was about to suddenly change the course of the vehicle and cause him to be pitched out, and that he was negligent in permitting the driver to so operate the vehicle as to injure the plaintiff by suddenly swerving it to one side. Whatever the plaintiff means by "exercising control," he does not mean physical control, because McKinney, Jr. had ceased driving, asked Varnadoe to drive for him, and was sitting in the right front seat of the vehicle. The petition alleges no facts which would have put McKinney, Jr. on notice that the driver was about to "suddenly swerve" the truck without any warning, and of course McKinney could not be guilty of a failure to warn the plaintiff of Varnadoe's intention of driving in this manner unless he first became cognizant of the intention himself, or had some reason to believe that it was likely the driver would behave in such a fashion. The petition does allege that Varnadoe was acting as the agent of McKinney, Jr., but it fails to charge the latter with any imputed negligence by reason of this relationship; rather, it charges him with primary negligence in permitting Varnadoe to swerve the vehicle, and failing to warn the plaintiff of Varnadoe's future action. Until facts are alleged which would show a permission granted to perform in a negligent manner, there appears no duty resting on McKinney, Jr. to give a warning, and the allegation that he permitted the act is a conclusion unsupported by any facts. In the absence of such allegations, or others grounding the liability on an agency relationship, the general demurrer of this defendant should have been sustained.

■ The defendant Varnadoe urges by demurrer that the petition fails to set out a cause of action against him as the operator of the vehicle because no gross negligence is alleged against him. It is true that the petition alleges in paragraph 13 (f) that this defendant failed to exercise ordinary care in certain respects, which amounts only to an allegation of ordinary negligence. In paragraph 13 (h), however, it is stated that this defendant was negligent "in swerving said vehicle to its right in a gross and

reckless manner," etc. In *Cain v. State*, 55 Ga. App. 376 (4), supra, an inadvertent act accompanied by recklessness is said to be something more than ordinary negligence, and to amount at the least to gross negligence. We so construe this subparagraph. Further, in the absence of a special demurrer on the ground of duplicity, it is not at all fatal to the petition that both ordinary and gross negligence are charged in the same count. Cf. *Flint Explosive Co. v. Edwards*, 84 Ga. App. 376, 388 (66 SE2d 368). The petition states a cause of action as against this defendant.

*Judgments reversed in Cases Nos. 40243 and 40244. Judgment affirmed in Case No. 40245. Nichols, P. J., Bell, P. J., Frankum, Jordan, Hall, Eberhardt and Pannell, JJ., concur. Felton, C. J., dissents.*

FELTON, Chief Judge, dissenting. ■ The majority opinion bases its holding that the defendant grandfather, McKinney, is not liable because, although negligent, his negligence had no causal connection with the injuries because of the intervention of a third person who was driving at the time the injuries were incurred.

"If [one's negligence] is not the immediate or direct cause but requires the intervention or direct cause to bring about the result, it is regarded as a 'concurring proximate cause' imposing liability upon those responsible for it only when the intervention of the immediate cause and the resulting injury could or should have been foreseen in the light of the circumstances." Dixon v. Kentucky Utilities Co., 295 Ky. 32, 35 (174 SW2d 19, 155 ALR 150). "Once it is determined that the defendant's duty requires him to anticipate the intervening misconduct, and guard against it, it follows that it cannot supersede his liability." Prosser on Torts (2d Ed.) Ch. 9, § 49, p. 270.

Let us examine the facts in the present case to determine whether the intervention of the driver's negligence could or should have been foreseen in the light of the circumstances. The grandfather's negligence consisted of the violation of *Code Ann.* § 92A-9915, which makes it a misdemeanor for any person to "knowingly permit a motor vehicle owned by him or under his control to be operated by any person upon the public roads or highways in this State, or upon the public streets of any incorpo-

rated village, town or city in this State by a person who is not licensed under Chapter 92A-4." Thus, the possession of the vehicle by the grandson was in violation of the law and, he having no legal right to possession or operation of the vehicle, had no right to grant the right of operating it to another. The defendant driver was therefore operating the vehicle without the owner's knowledge or consent, the effect of which being that for purposes of liability, the vehicle was still constructively in the possession of the grandfather. "In cases involving unlawful acts, intervening causes are especially likely not to be held to preclude liability of the wrongdoer. This rule prevails even though the defendant did not intend the particular injury which followed." 52 Am. Jur. 383, Torts, § 33; 45 LRA 87. The proximate cause is the one that starts the other causes in motion. Larson v. Calder's Park Co., 54 Utah 325 (180 P 599, 4 ALR 731). "One who negligently creates a dangerous condition cannot escape liability for the natural and probable consequences thereof, although the act of a third person may have contributed to the final result." 38 Am. Jur. 716, Negligence, § 63; Murray v. Frick, 277 Pa. 190 (121 A 47, 29 ALR 74).

"Considerations of public policy may be given due weight in fixing the limits of legal liability, and practical considerations must at times determine the bounds of correlative rights and duties as well as the point beyond which the courts will decline to trace causal connection." Comstock v. Wilson, 257 NY 231 (177 NE 431, 76 ALR 676). The licensing provisions of our statute, in Chapter 92A-4, include as a requirement for obtaining an operator's license that the applicant be a minimum of 16 years of age. By this requirement, the General Assembly has expressed the public policy that persons under 16 years of age, by reason of their tender years and relative immaturity, are not considered competent to operate motor vehicles by themselves upon the public roads of this State. This requirement is not only a protection for that class of persons excluded thereby from operating vehicles, but also, and perhaps more importantly, it expresses a public policy for the protection of other persons lawfully using the public roads, whether motorists, passengers, or pedestrians. It was in accordance with this same public policy

that the General Assembly made knowingly permitting unlicensed drivers to use one's motor vehicle a misdemeanor. The grandfather, who knowingly and illegally permitted his motor vehicle to be operated by his minor and unlicensed grandson, should be charged with the knowledge that a boy of 15 might not exercise the proper judgment to be expected of a more mature person. Surely it can not be said that it was unforeseeable that the licensed minor might turn over the control of the vehicle to another driver when threatened with being apprehended for the illegal operation of the vehicle, i. e., without an operator's license. Indeed, this might be considered the normal and probable behavior to be expected, so that the intervening cause, being foreseeable, would not act to preclude the grandfather's liability. "The rule is that when an injury occurs through the concurrent negligence of two persons, and it would not have happened in the absence of the negligence of either person, the negligence of each of the wrongdoers will be deemed a proximate cause of the injury, although they may have acted independently of one another; and both are answerable, jointly or severally, to the same extent as though the injury were caused by his negligence alone, without reference to which one was guilty of the last act of negligence." 38 Am. Jur. 716, 717, Negligence, § 64. "Almost invariably these cases present no issue of causation in fact, since the defendant has created a situation acted upon by another force to bring about the result; and to deal with them in terms of 'proximate cause' is only to avoid the real issue. The question is one of negligence and the extent of the obligation: whether the defendant's responsibility extends to such interventions, which are foreign to the risk he has created. It might be stated as a problem of duty to protect the plaintiff against such an intervening cause." Prosser on Torts (2d Ed.), § 49, p. 276. That the intervening cause does not necessarily preclude the wrongdoer's liability is also indicated by *Code* § 105-2009, which provides that damages which are the legal and natural result of the act done, *though contingent to some extent,* are not too remote to be recovered. Without the grandfather's negligence per se in illegally giving his grandson control of the vehicle, the negligence of the driver could never have been introduced as a concurrent cause, and both as a

matter of public policy and the foreseeability of the intervening cause the grandfather's negligence should be held to be actionable as a proximate cause. *Where one sets in motion a chain of illegal events the law will not consider the negligence of one of the illegal actors as an intervening and superseding cause. Not until the illegal chain is broken can the negligence of the driver be deemed a superseding cause.* Otherwise the result would be that participants in illegal acts may take advantage of their own illegal acts by substituting parties. It must be remembered that the grandson was legally incapable of obtaining a driver's license and conclusively presumed to be *incapable of driving or selecting a driver.* In the circumstances of this case the fact that it is not alleged that the driver substituted for the grandson was incompetent does not alter the conclusion reached because the whole chain of events was tainted with illegality and public policy requires that all parties be held to strict liability for the consequences of the negligence which caused the injuries.