### 55794. BRAGG v. OVER & UNDER GENERAL CONTRACTORS, INC.

SHULMAN, Judge.

Appellant was involved in a collision with a car driven by an employee of appellee. He brought suit on two alternative theories, respondeat superior and negligent entrustment. A motion for summary judgment on the issue of respondeat superior was granted for appellee in May, 1977. Another motion for summary judgment, on the issue of negligent entrustment, was granted for appellee in December, 1977. Appellant enumerates as error the grant of both motions.

1. As his sole argument against the first summary judgment, appellant contends that a statement in an affidavit made by a vice-president of appellee that the driver of the car was not an agent of appellee at the time of the collision is a mere conclusion of law and will not support summary judgment for the corporation. See *Salters v. Pugmire Lincoln-Mercury, Inc.,* 124 Ga. App. 414 (184 SE2d 56).

Even assuming that the affidavit is not that of a party to the alleged agency, so that a mere denial of agency would not support the summary judgment, we do not agree that the judgment must be reversed. The same affidavit set forth facts, not conclusions, which were uncontroverted by appellant and established that the

driver was not within the scope of his employment at the time of the collision. Therefore, judgment for the employer was demanded. *Atlanta Blue Print &c. Co. v. Kemp,* 130 Ga. App. 778 (204 SE2d 515).

2. While out of town on a job for appellee, Blackwell, vice-president of appellee, and Bratcher, an employee of appellee, stayed at the same motel. After work one evening, the two men returned to the motel, ate dinner, and then went out to a bar. Their transportation was a company-owned car supplied to Blackwell for his use at out-of-town job sites. Blackwell drove. While they were drinking, Bratcher asked for the car keys, ostensibly to get some cigarettes from the car. In fact, he wanted the keys so he could hide in the car bottles of liquor he was stealing from the bar. His thefts were discovered and an altercation between Bratcher and two apparent employees of the bar ensued. Bratcher claims that, when violence was threatened, Blackwell told him to drive around the block, which he did. Then when the other parties to the argument got into their car, Bratcher drove off in an attempt to elude them. Blackwell claims he gave no such instruction and that he told Bratcher to get out of the car, but Bratcher drove away instead. The collision with the car containing appellant allegedly occurred while Bratcher was being pursued.

Appellant's theory of recovery is that appellee was negligent in entrusting the car to Bratcher when he was intoxicated. As may be gathered from the narrative above, whether there was an entrustment of the vehicle is a question of fact. Assuming there was such an entrustment, it is clear that the actual entrustor was Blackwell. The essential question, therefore, is whether Blackwell's act may be imputed to appellee. We hold that it may not.

The gravamen of an action for negligent entrustment of a motor vehicle, once it is shown that the plaintiff's injuries were proximately caused by the negligence of the defendant's permittee, is the negligence of the defendant in allowing the operation of the vehicle by a person who, for reasons known to the defendant, is not competent to drive. See *Gay v. Healan,* 88 Ga. App. 533 (4) (77 SE2d 47); *Johnson v. Brant,* 93 Ga. App. 44 (90 SE2d 587). In order

to recover from appellee in this case, it was incumbent upon appellant, in addition to making a negligence case against Bratcher, to show that Blackwell was negligent in allowing Bratcher to drive, knowing Bratcher to be intoxicated at the time, and that Blackwell's act was that of appellee.

"A company is not chargeable with acts committed by its [vice-] president in his individual capacity and for his personal benefit only [Cit.]" *Harper v. Brown,* 122 Ga. App. 316, 318 (176 SE2d 621). The undisputed evidence in this case establishes that Blackwell was on a purely personal mission when the events involved in this case occurred. Therefore, Blackwell's act in entrusting the car, if he in fact did so, was not imputable to appellee. Compare *Burks v. Green,* 85 Ga. App. 327, 331 (69 SE2d 686).

Since the evidence submitted by appellee in support of its motion for summary judgment effectively pierced the allegations of negligent entrustment made by appellant, no questions of material fact remain. The grant of summary judgment to appellee was correct.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

Argued May 15, 1978 — Decided September 5, 1978 — Rehearing denied November 28, 1978.

*Harrison, Childs & Foster, David R. Autry,* for appellant.

*Wehunt & Eason, Richard B. Eason, Jr., Noel H. Benedict,* for appellee.